**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Weiand Automotive Industries, Inc., *et al.*,[1] | Case No. 09-13338 (KJC) |
| Reorganized Debtors. | Related Docket No. 6 |

**MOTION OF REORGANIZED DEBTORS FOR ENTRY OF AN ORDER (I) REOPENING THE CASE OF WEIAND AUTOMOTIVE INDUSTRIES, INC. FOR THE LIMITED PURPOSE OF ADJUDICATING THE CLAIM DISCHARGE DISPUTE AND (II) APPROVING STIPULATION GOVERNING CASE SCHEDULE**

Holley Performance Products Inc.[2] and its affiliated reorganized debtors (collectively, the "Reorganized Debtors") and the Mehrabian Family Trust ("MFT") and CA Auto Mart Group, Inc. ("CA Auto Mart" and collectively with MFT, "Plaintiffs") have entered into the *Stipulation Governing Case Schedule* (the "Stipulation"), and in connection therewith, the Reorganized Debtors hereby move (this "Motion") the Court for entry of an order: (i) reopening the chapter 11 case of *Weiand Automotive Industries, Inc.*, Case No. 09-13338 (LSS) (the "Chapter 11 Case") for the limited purpose of determining whether the Plaintiff's claims against Weiand Automotive Industries, Inc., as asserted in the Complaint, were discharged in the Chapter 11 Case and are barred by the bar date order entered in the Chapter 11 Case (the "Claim Discharge Dispute") and (ii) approving the Stipulation.

**Jurisdiction And Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding

---

[1] The Reorganized Debtors are the following entities: Holley Performance Products Inc., High Performance Industries, Inc., Nitrous Oxide Systems, Inc., Weiand Automotive Industries, Inc., and Holley Performance Systems, Inc. The Reorganized Debtors' address is 1801 Russellville Road, Bowling Green, Kentucky 42101.

[2] In 2013, well after emerging from bankruptcy, Weiand Automotive Industries, Inc. and Nitrous Oxide Systems, Inc. were merged with and into Holley Performance Products Inc.

#43427613 v1

pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105 and 350 of title 11 of the United States Code (11 U.S.C. §§ 101 *et. seq.*, the "Bankruptcy Code") and Rule and 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

2. On March 15, 2015, the Plaintiffs filed a complaint (the "Complaint") in the United States District Court for the Central District of California (the "California Court") asserting claims against three defendants, including Weiand Automotive Industries, Inc. ("Weiand Automotive"), which complaint is captioned *Plaintiff Mehrabian Family Trust and CA Auto Mart Group, Inc. v Joan F. Weiand Trust, Joan F. Weiand, an individual, and Weiand Automotive Industries, Inc.*, Case No. 15-02105 (ODW)(AGR) (the "California Action").

3. On July 2, 2015, the Reorganized Debtors filed the Motion of Reorganized Debtors for Entry of an Order Temporarily Reopening the Case of Weiand Automotive Industries, Inc. to Enforce The Confirmation Order and Discharges and Injunctions Against Plaintiffs Mehrabian Family Trust and CA Auto Mart Group, Inc. (Docket No. 778) (the "Motion").

4. On July 22, 2015, the Plaintiffs filed the California Action Plaintiffs Mehrabian Family Trust and CA Auto Mart Group, Inc.'s Objection to the Motion (Docket No. 782) (the "Objection").

5. On July 24, 2015, the Reorganized Debtors filed the Reply of Reorganized Debtors to the Objection (Docket No. 783) (the "Reply"), and on July 27, 2015, the Reorganized Debtors filed the Declaration of Albert M. Cohen in Support of the Motion (Docket No. 784).

6. On July 29, 2015, this Court held a hearing regarding the Motion, Objection and Reply. On July 31, 2015, the Bankruptcy Court entered the Memorandum and Order Denying the Motion (Docket No. 790) (the "<u>Order</u>"). The Order denied the Motion without prejudice "should the California District Court prefer that this Court determine the issues raised in the Motion." *See Order,* page 4.

7. On July 2, 2015, Weiand Automotive filed a Motion to Dismiss in the California Court. Plaintiffs subsequently filed a timely opposition and Weiand Automotive filed a timely reply.

8. On September 11, 2015, the California Court issued an order granting in part and denying in part Weiand Automotive's Motion to Dismiss. At the same time, the California Court issued an Order to Show Cause why this Court should not resolve the issue of whether Plaintiffs' claims in the California Action were discharged in Weiand Automotive's prior bankruptcy proceedings, and why Plaintiffs' claims against Weiand Automotive should not be stayed pending that determination.

9. On September 21, 2015, pursuant to a stipulation of the parties, the California Court issued an order granting a stay of the California Action so that the parties could attend mediation. The California Court extended the stay of the case three times to accommodate the parties' mediation efforts. The parties attended mediation three times but failed to reach a compromise.

10. On December 5, 2016 the parties filed a status report with the California Court advising the California Court that mediation efforts had failed and requesting that the California Court lift the stay solely as the September 11, 2015 Order to Show Cause.

11. On January 19, 2017, the California Court entered the *Order re: Resolution of Discharge Issue by Bankruptcy Court*, pursuant to which the California Court held that the more appropriate course of action was for this Court to resolve the Claim Discharge Dispute.

12. On March 30, 2017, the Reorganized Debtors filed a Certification of Counsel Regarding Order (I) Reopening Chapter 11 Case for the Limited Purpose of Adjudicating the Claim Discharge Dispute and (II) Approving Stipulation Governing Case Schedule (the "Certification") (Docket No. 6).

## Relief Requested

13. By this Motion, the Reorganized Debtors request that the Court grant the relief requested in the Certification by entry of the order attached thereto (i) reopening the Chapter 11 Case for the limited purpose of determining the Claim Discharge Dispute and (ii) approving the Stipulation.

## Basis For Relief Requested

14. Bankruptcy Rule 5010 provides, in relevant part, that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." FED. R. BANKR. P. 5010. Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Courts have broad discretion to reopen a case and generally should grant requests to reopen in furtherance of the equitable nature of all bankruptcy proceedings. *In re American Remanufacturers, Inc.*, 439 B.R. 633, 636 (Bankr. D. Del. 2010); *In re Rashid*, 2004 U.S. Dist. LEXIS 25032, *8-9 (E.D. Pa. Dec. 13, 2004); *In re Young*, 70 B.R. 968, 969 (Bankr. E.D. Pa. 1987). Additionally, section 105(a) of the Bankruptcy Code "gives the bankruptcy court the power and the jurisdiction to enforce its valid orders." *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 266 (3d Cir. 1991) (internal citations omitted).

15. The facts and circumstances surrounding this Motion unquestionably support reopening the Chapter 11 Case to determine the Claim Discharge Dispute and approve the Stipulation. The reopening of the Chapter 11 Case and Stipulation is in accordance with (i) the *Order re: Resolution of Discharge Issue by Bankruptcy Court* issued by the California Court, pursuant to which the California Court held that the more appropriate course of action was for this Court to resolve the Claim Discharge Dispute and (ii) this Court's Order, which denied the Motion without prejudice "should the California District Court prefer that this Court determine the issues raised in the Motion."

WHEREFORE the Reorganized Debtors respectfully request the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: April 5, 2017

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ John H. Schanne, II
David B. Stratton (DE No. 960)
Evelyn J. Meltzer (DE No. 4581)
John H. Schanne, II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

*Counsel for the Reorganized Debtors*